**COMMONWEALTH OF MASSACHUSETTS**
**PLYMOUTH COUNTY**
**Docket Report**

## 2383CV00834 Estate of Afonso Brandao vs. Benvie, Daniel et al

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Actions Involving the State/Municipality | **FILE DATE:** | 11/06/2023 |
| **ACTION CODE:** | AB1 | **CASE TRACK:** | A - Average |
| **DESCRIPTION:** | Tortious Action involving the Commonwealth , Municipality, MBTA, etc. | | |
| **CASE DISPOSITION DATE:** | 01/19/2024 | **CASE STATUS:** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE:** | 01/19/2024 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil C Plymouth |

### DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 02/05/2024 | 01/19/2024 |
| Rule 12/19/20 Served By | 03/05/2024 | 01/19/2024 |
| Answer | 03/05/2024 | 01/19/2024 |
| Rule 12/19/20 Filed By | 04/04/2024 | 01/19/2024 |
| Rule 12/19/20 Heard By | 05/06/2024 | 01/19/2024 |
| Rule 15 Served By | 12/30/2024 | 01/19/2024 |
| Rule 15 Heard By | 01/29/2025 | 01/19/2024 |
| Rule 15 Filed By | 01/29/2025 | 01/19/2024 |
| Discovery | 10/27/2025 | 01/19/2024 |
| Rule 56 Served By | 11/25/2025 | 01/19/2024 |
| Rule 56 Filed By | 12/25/2025 | 01/19/2024 |
| Final Pre-Trial Conference | 04/24/2026 | 01/19/2024 |
| Judgment | 11/05/2026 | 01/19/2024 |

### PARTIES

**Plaintiff**
Estate of Afonso Brandao
19 Kinigman Ave.
Brockton, MA 02302

**Attorney** 640902
Joseph F Krowski
Attorney at Law
Attorney at Law
30 Cottage St
Brockton, MA 02301
Work Phone (508) 584-2555
Added Date: 11/06/2023

**Defendant**
Benvie, Daniel
Brockton Police Department
7 Commercial Street
Brockton, MA 02302

**Defendant**
Brenda Perez, in her Official Capacity as Chief of Police
7 Commercial Street
Brockton, MA 02302

COMMONWEALTH OF MASSACHUSETTS
PLYMOUTH COUNTY
Docket Report

| Party | Counsel |
|---|---|
| **Defendant**<br>City of Brockton<br>45 School Street<br>Brockton, MA 02301 | **Private Counsel** 704612<br>Allison Cogliano<br>City of Brockton<br>City of Brockton<br>45 School St<br>Law Department<br>Brockton, MA 02301<br>Work Phone (508) 580-7110<br>Added Date: 01/19/2024 |
| **Defendant**<br>Da Graca, Olegario<br>Brockton Police Department<br>7 Commercial Street<br>Brockton, MA 02302 | |
| **Defendant**<br>Louis, Anthony<br>50 Orchard Ave.<br>Brockton, MA 02302 | |

**FINANCIAL DETAILS**

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 11/06/2023 | Civil Filing Fee (per Plaintiff) Receipt: 23508 Date: 11/06/2023 | 240.00 | 240.00 | 0.00 | 0.00 |
| 11/06/2023 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 23508 Date: 11/06/2023 | 20.00 | 20.00 | 0.00 | 0.00 |
| 11/06/2023 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 23508 Date: 11/06/2023 | 15.00 | 15.00 | 0.00 | 0.00 |
| 11/06/2023 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b Receipt: 23508 Date: 11/06/2023 | 25.00 | 25.00 | 0.00 | 0.00 |
| | **Total** | **300.00** | **300.00** | **0.00** | **0.00** |

COMMONWEALTH OF MASSACHUSETTS
PLYMOUTH COUNTY
Docket Report

INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|---|---|---|---|
| 11/06/2023 | | Attorney appearance<br>On this date Joseph F Krowski, Jr., Esq. added for Plaintiff Estate of Afonso Brandao | |
| 11/06/2023 | | Case assigned to:<br>DCM Track A - Average was added on 11/06/2023 | |
| 11/06/2023 | 1 | Original civil complaint filed. | |
| 11/06/2023 | 2 | Civil action cover sheet filed. | |
| 11/06/2023 | | Demand for jury trial entered. | |
| 01/19/2024 | 4 | Service Returned for<br>Defendant Brenda Perez, in her Official Capacity as Chief of Police: Service through person in charge / agent; | |
| 01/19/2024 | 5 | Service Returned for<br>Defendant Benvie, Daniel: Service made in hand; | |
| 01/19/2024 | 6 | Service Returned for<br>Defendant City of Brockton: Service via certified mail; | |
| 01/19/2024 | 3 | Service Returned for<br>Defendant Louis, Anthony: Service through person in charge / agent; | |
| 01/19/2024 | | Notice of Removal to the United States District Court filed by<br><br>Applies To: City of Brockton (Defendant) | |
| 01/19/2024 | | REMOVED to the U.S. District Court | |
| 01/19/2024 | | Case transferred to another court. | |

A TRUE COPY ATTEST
Clerk of Courts

11/6/23

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss

BROCKTON SUPERIOR COURT
DOCKET NO: 2383CV00834

ESTATE OF AFONSO BRANDAO,
Plaintiff

v.

DANIEL BENVIE, ANTHONY LUIS, OLEGARIO DA GRACA, BRENDA I. PEREZ, In her Official Capacity as Chief of Police of the Brockton Police Department, and THE CITY OF BROCKTON

**COMPLAINT AND JURY DEMAND**

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

NOV 6 2023

Clerk of Court

**PARTIES**

1. This action is brought by the Estate of Afonso Brandao as Plaintiff.

2. The Decedent, Afonso Brandao, was a resident of Plymouth County who passed away on November 14, 2020.

3. The Defendant City of Brockton is a municipality within and for the Commonwealth of Massachusetts with executive offices located at 45 School Street, Brockton, Plymouth County, Massachusetts.

4. The Defendant Brenda I. Perez is an individual named and identified in her official capacity as Chief of Police of the Brockton Police Department located at 7 Commercial Street, Brockton, Plymouth County, Massachusetts.

5. The Defendant Daniel Benvie is an individual who at all times materially relevant to this Complaint was a duly appointed and sworn police officer of the Brockton Police Department acting under color of state law.

6. The Defendant Olegario Da Graca is an individual who at all times materially relevant to this Complaint was a duly appointed and sworn police officer of the Brockton Police Department acting under color of state law.

7. The Defendant Anthony Louis is an individual who at all times materially relevant to this Complaint was a duly appointed and sworn police officer of the Brockton Police Department acting under color of state law.

**JURISDICTION AND VENUE**

8. The Plaintiff brings this action against the Defendants pursuant to the rights, privileges, and protections afforded by the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983 stemming from the Decedent's wrongful death while in police custody.

9. The Superior Court Department of the Trial Court has jurisdiction to adjudicate all claims.

10. The Decedent and the Defendants are all of Plymouth County. Venue is therefore proper in Plymouth County Superior Court (Brockton).

**ALLEGATIONS OF FACT**

11. The Plaintiff repeats and re-avers the allegations of paragraphs one (1) though ten (10) of this Complaint as if each were more fully set forth and pleaded below.

12. On or about November 13, 2020, at approximately 10:34 p.m., the Decedent, Afonso Brandao, was arrested by a Brockton Police Officer in the area of Ellsworth Avenue in the City of Brockton.

13. The Defendant Brockton Police Officer Daniel Benvie was the arresting officer.

14. The Decedent Afonso Brandao appeared to be under the influence of an intoxicating substance.

15. The Defendant Officer Benvie searched Mr. Brandao incident to his arrest at the scene of his arrest.

16. The Defendant Officer Daniel Benvie did not recover any drugs or illicit substances from Mr. Brandao during the search.

17. Mr. Brandao was transported to the Brockton Police Station in a prisoner transport vehicle.

18. Mr. Brandao arrived at the Brockton Police Station on November 13, 2020, at approximately 11:20 p.m. whereupon he was booked and charged with operating a motor vehicle without a license, disorderly conduct, and disturbing the peace.

19. The Defendant Brockton Police Officer Olegario Da Graca conducted Mr. Brandao's booking.

20. The Defendant Officer Olegario Da Graca searched Mr. Brandao at booking.

21. The Defendant Officer Olegario Da Graca did not recover any drugs or illicit substances from Mr. Brandao during the search.

22. During booking, Defendant Officer Da Graca noted Mr. Brandao reported alcohol and drug use on the Brockton Police Department's Suicide Evaluation Form, which is a standard booking document.

23. Defendant Officer Da Graca also noticed during booking that Mr. Brandao appeared to be under the influence of an intoxicating substance.

24. Brockton Police Detectives Michael Bunker and Nazaire Paul were present for portions of Mr. Brandao's booking.

25. Det. Paul observed Mr. Brandao at booking and noticed he appeared to be under the influence of a substance.

26. After his booking, Detective Paul and Officer Plonquet escorted Mr. Brandao to a holding cellblock and placed him in Cell Number 20.

27. The Brockton Police Department has a policy requiring officers to perform prisoner well-being checks every fifteen (15) minutes.

28. Defendant Officer De Graca conducted prisoner well-being checks in the holding cellblock at 11:45 p.m. and 12:00 a.m.

29. Defendant Officer Da Graca noted that Mr. Brandao was loud after first being placed in Cell Number 20 before falling asleep.

30. On or about November 14, 2020, at midnight, the Defendant former Brockton Police Officer Anthony Louis, relieved Officer Da Graca and took over his booking officer duties for his scheduled midnight to 8:00 a.m. shift.

31. Defendant Officer Da Graca advised Defendant Louis of the number of individuals in the holding cells and their bail status.

32. Defendant Louis served as the booking officer at the Brockton Police Station starting at 12:00 a.m. through his break at 3:00 a.m.

33. During this three (3) hour time period, Defendant Louis made several entries into the Department's prisoner well-being check log book.

34. Defendant Louis verified he performed the required checks, indicated "ok" in the numerous entries, and wrote his name and Police ID number with each entry.

35. On November 14, 2020, at approximately 3:00 a.m., Officer Denzil DaRosa relieved Defendant Louis for his break.

36. Officer DaRosa proceeded to make fifteen (15) minute well-being checks on the detainees.

37. On his first check of Cell Number 20, Officer DaRosa observed Mr. Brandao laying on his right side with his feet on the floor and a dollar bill in his right hand.

38. Officer DaRosa observed Mr. Brandao in the same position on two (2) subsequent well-being checks whereupon he requested Officer Lindsay Ferebee to assist in opening the cell door to check on him.

39. When they did so, officers noted Mr. Brandao was cold and did not have a pulse.

40. Emergency medical personnel were summonsed and arrived.

41. Mr. Brandao was pronounced deceased at the station.

42. Mr. Brandao has suffered an opioid overdose death while in custody.

43. Three (3) bags of cocaine and one (1) bag of fentanyl were found among and on Mr. Brandao's person in the cell.

44. Troopers from the Massachusetts State Police, including Sgt. Brian Galvin and Troopers Gately, Bennett, MacDonald and DiMarzio, responded to the Brockton Police Station on November 14, 2020, at approximately 6:00 a.m. to investigate Mr. Brandao's death.

45. Defendant Louis was interviewed twice on November 14, 2020: once at approximately 6:03 a.m. and again at approximately 6:44 a.m.

46. Defendant Louis stated that he checked on Louis every fifteen (15) minutes as required.

47. Defendant Louis acknowledged he had been informed Mr. Brandao was under the influence of a substance.

48. Defendant Louis stated Mr. Brandao appeared to be sleeping each time he checked on him.

49. Defendant Louis stated Mr. Brandao was in the same position each time: laying on his right side, with his feet on the floor, his head on his right arm, money in his right hand, and his hair covering his face.

50. Defendant Louis stated Mr. Brandao was breathing each time he checked him.

51. Defendant Louis stated he did not observe any drugs in Brandao's cell or on the floor.

52. Defendant Louis filed a "Supplemental Narrative" report in regards to Mr. Brandao's death.

53. In his narrative, Defendant Louis wrote he checked on Mr. Brandao at midnight and noticed he was in a "nontraditional sleeping position."

54. Defendant Louis further wrote in his narrative that Mr. Brandao remained in the same position during each of his subsequent well-being checks.

55. Defendant Louis also wrote that he continued to check on the prisoners until his 3:00 a.m. break.

56. Defendant Louis's statements to Massachusetts State Police Troopers during his interviews and in his narrative report were demonstrated to be unequivocal lies.

57. Mass. State Police Trooper Bennett interviewed the responding paramedics.

58. They advised that upon their arrival Mr. Brandao was cold to the touch with rigor mortis present. Paramedics were unable to access an airway because Mr. Brandao's mouth had been "rigored shut."

59. The paramedics estimated Mr. Brandao had been dead for approximately two (2) or three (3) hours.

60. Mass. State Police Trooper Joseph Rabbit reviewed video surveillance from the Brockton Police Department's booking area.

61. Surveillance depicts Defendant Louis leave the booking area at 12:11 a.m. towards the direction of the male cellblock. Louis is depicted returning to the booking area at 12:33 a.m. where he takes a seat behind the booking desk.

62. From 12:33 a.m. through 3:00 a.m., Defendant Louis did not perform well-being checks of the prisoners.

63. As a consequence of the forgoing, Defendant Louis was indicted by a Plymouth County Grand Jury on May 17, 2021, and arraigned in Plymouth County Superior Court on August 9, 2021, on two (2) counts of filing a false written report by a public employee and two (2) counts of willfully misleading a police officer with intent to interfere with a criminal investigation. See Commonwealth v. Anthony Louis, Plymouth County Superior Court Docket No. 2183CR00196.

64. On May 3, 2023, Defendant Louis, represented by private counsel, pleaded guilty to the two (2) counts of filing a false written report by a public employee and admitted to sufficient facts to the two (2) counts of willfully misleading a police officer with intent to interfere with a criminal investigation.

65. Defendant Louis was sentenced to three (3) years of probation.

**COUNT I**
**42 U.S.C. §1983**
**Defendants Daniel Benvie and Olegario Da Graca**

66. The Plaintiff repeats and re-avers the allegations of paragraphs one (1) through sixty-five (65) of this Complaint as if each were fully set forth and pleaded below.

67. Pursuant to the Eighth and Fourteenth Amendments to the United States Constitution, the Defendants Daniel Benvie and Olegario Da Graca, owed the Decedent, Afonso Brandao, a pretrial detainee, a constitutional duty to protect him from a substantial risk of serious harm and to provide reasonably prompt medical care to those who are injured or have suffered serious harm.

68. On November 13th into November 14, 2020, the Defendants Daniel Benvie and Olegario Da Graca, while acting color of state law, breached the constitutional duty they owed the Decedent.

69. On November 14, 2020, as described in this Complaint, the Decedent, Afonso Brandao, suffered an objectively sufficient and serious harm: a wrongful death while in police custody.

70. At all times materially relevant to this Complaint, the Defendants Daniel Benvie and Olegario Da Graca were deliberately indifferent to the substantial risk that the Decedent would suffer a wrongful death in police custody.

71. Both officers knew, based on their personal observations and information received from fellow officers, that the Decedent, Afonso Brandao was displaying [through his speech, demeanor, behavior, and conduct] signs of intoxication by means of a substance.

72. The Defendants Daniel Benvie and Olegario Da Graca were therefore aware of facts from which an inference could be drawn that the Decedent was at substantial risk of harm, an inference that the Defendants indeed drew.

73. The Defendants Daniel Benvie and Olegario Da Graca nevertheless consciously chose to disregard that risk of harm by failing to search the Decedent Afonso Brandao reasonably and thoroughly incident to his arrest and at

booking to discover drugs and illicit substances that were on his person.

74. As a direct and proximate result of the Defendants' deliberate indifference, the Decedent Afonso Brandao, was left alone in holding cell #20 whereupon he suffered an opioid overdose and died.

75. As a direct and proximate result of the Defendants conduct alleged in Count I of this Complaint, the Decedent, Afonso Brandao, did suffer severe personal injury and death on November 14, 2020.

76. As a direct and proximate result of the Defendants' conduct alleged in Count I of this Complaint, the Decedent, Afonso Brandao, was caused to suffer and did suffer extreme conscious pain and suffering for an extended period of time before his death.

77. As a direct and proximate result of the Defendants' conduct alleged in Count I of this Complaint, the Decedent, Afonso Brandao, was caused to suffer losses of future income and earnings as a consequence of his untimely death.

78. As a direct and proximate result of the Defendants' conduct alleged in Count I of this Complaint, the Decedent, Afonso Brandao, was caused to incur and did incur medical expenses as well as funeral and burial expenses.

79. As a direct and proximate result of the Defendants' conduct alleged in Count I of this Complaint, the Decedent's heirs, represented by his Estate, suffered losses of his expected income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice.

**WHEREFORE**, the Plaintiff, Estate of Afonso Brandao, demands judgment against the Defendants Daniel Benvie and Olegario Da Graca in the full amount of its damages, plus interest and costs, on Count I of this Complaint. The Plaintiff furthermore demands punitive damages and attorney's fees. The Plaintiff lastly demands any additional judgment in law or in equity the Court deems equitable and just.

**COUNT II**
**42 U.S.C. §1983**
**Defendant Anthony Louis**

80. The Plaintiff repeats and re-avers the allegations of paragraphs one (1) through seventy-nine (79) of this Complaint as if each were fully set forth and pleaded below.

81. Pursuant to the Eighth and Fourteenth Amendments to the United States Constitution the Defendant, Anthony Louis, owed the Decedent, Afonso Brandao, a pretrial detainee, a constitutional duty to protect him from a substantial risk of serious harm and to provide reasonably prompt medical care to those who are injured or have suffered serious harm.

82. On November 14, 2020, the Defendant, Anthony Louis, while acting under color of state law, breached the constitutional duty he owed the Decedent.

83. On November 14, 2020, as described in this Complaint, the Decedent, Afonso Brandao, suffered an objectively sufficient serious harm: a wrongful death while in police custody.

84. At all times materially relevant to this Complaint, the Defendant, Anthony Louis, was deliberately indifferent to the substantial risk that the Decedent would suffer a wrongful death in police custody.

85. Based on the information he received at the start of his shift, his own personal observations, and his familiarity with Brockton Police Department Policy requiring fifteen (15) minute well-being checks of prisoners, the Defendant, Anthony Louis, was aware of facts from which an inference could be drawn that the Decedent was at substantial risk of serious harm.

86. Based on the fact that the Defendant, Anthony Louis, did not perform the fifteen (15) minute well-being checks as required and instead intentionally made false entries in the well-being check log book, willfully made false and misleading statements to State Police investigators, and knowingly filed false written police reports regarding the Decedent's death, the Defendant, Anthony Louis, subjectively drew the inference that the Decedent was at

substantial risk of harm yet deliberately chose to disregard the risk.

87. Furthermore, as a consequence of his deliberate indifference to a substantial risk of serious harm to the Decedent, the Defendant, Anthony Louis, did not provide or summons prompt first aid when it unquestionably would have been required.

88. As a direct and proximate result of the Defendant's conduct alleged in Count II of this Complaint, the Decedent, Afonso Brandao, did suffer severe personal injury and death on November 14, 2020.

89. As a direct and proximate result of the Defendant's conduct alleged in Count II of this Complaint, the Decedent, Afonso Brandao, was caused to suffer and did suffer extreme conscious pain and suffering for an extended period of time before his death.

90. As a direct and proximate result of the Defendant's conduct alleged in Count II of this Complaint, the Decedent, Afonso Brandao, was caused to suffer losses of future income and earnings as a consequence of his untimely death.

91. As a direct and proximate result of the Defendant's conduct alleged in Count II of this Complaint, the Decedent, Afonso Brandao, was caused to incur and did incur medical expenses as well as funeral and burial expenses.

92. As a direct and proximate result of the Defendant's conduct alleged in Count II of this Complaint, the Decedent's heirs, represented by his Estate, suffered losses of his expected income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice.

**WHEREFORE**, the Plaintiff, Estate of Afonso Brandao, demands judgment against the Defendant, Anthony Louis, in the full amount of its damages, plus interest and costs, on Count II of this Complaint. The Plaintiff furthermore demands punitive damages and attorney's fees. The Plaintiff lastly demands any additional judgment in law or in equity the Court deems equitable and just.

**COUNT III**
**42 U.S.C. §1983**
**Defendant Brenda I. Perez, in her official capacity of Chief as Police of the Brockton Police Department & The City of Brockton**

93. The Plaintiff repeats and re-avers the allegations of paragraphs one (1) through ninety-two (92) of this Complaint as if each were more fully set forth and pleaded below.

94. The Brockton Police Department is situated in Plymouth County, Massachusetts.

95. During the year 2020, the opioid addiction epidemic had created a substantial health and safety crisis within Plymouth County.

96. From 2010 through 2020, Plymouth County had the second highest opioid-related overdose death rate of the fifteen (15) Massachusetts Counties with 278 deaths per 100,000 people.

97. In the year 2020, there were 1,420 reported opioid overdoses within Plymouth County.

98. Fifty-six percent (56%) of overdoses in Plymouth County were experienced by individuals between the ages of twenty and thirty-nine (20-39).

99. Of the 1,420 opioid overdoses reported in Plymouth County in 2020, one hundred fifty-eight (158), eleven percent (11%), were fatal.

100. Plymouth County's opioid overdose death rate in 2020 was 30.3 deaths per 100,000 people.

101. Plymouth County's opioid overdose death rate in 2020 was ten (10) percentage points higher than the national rate of 21.6 deaths per 100,000 people.

102. In 2020, the City of Brockton's opioid overdose death rate was 52.2 deaths per 100,000 people.

103. The City of Brockton's opioid death rate in 2020 was more than double the national rate of 21.6 deaths per 100,000 people.

104. The prevalence of the opioid overdose crisis in the City of Brockton in 2020 coupled with the substantial risk of harm it presented to the community made the dangers associated with the epidemic readily obvious and apparent to require proper police officer training and supervision.

105. Despite the forgoing, in 2020, neither Brenda I. Perez, in her official capacity as the Brockton Police Department's Police Chief, nor the City of Brockton provided its police officers with reasonable and adequate training and supervision with respect to the opioid epidemic crisis afflicting the community and the proper responses thereto.

106. The Defendants' failure to provide adequate officer training and supervision under the circumstances demonstrates their deliberate indifference to the likely constitutional deprivations to its citizens.

107. As alleged in this complaint, on November 14, 2020, the Decedent Afonso Brandao suffered an opioid overdose death while in custody of the Brockton Police as a pre-trial detainee.

108. The Decedent's death was the result of the Defendant Police Officer conduct alleged in Counts I & II of this Complaint.

109. The constitutional deprivation the Decedent Afonso Brando suffered resulting in his death was a direct and proximate result of the Defendants' failure properly to train and/or supervise its officers.

110. As a direct and proximate result of the Defendants' failure properly to train and/or supervise its police officers, the Decedent, Afonso Brandao, was caused to suffer losses of future income and earnings as a consequence of his untimely death.

111. As a direct and proximate result of the Defendants' failure properly to train and/or supervise its police officers, the Decedent, Afonso Brandao, was caused to incur and did incur medical expenses as well as funeral and burial expenses.

112. As a direct and proximate result of the Defendants' failure properly to train and/or supervise its police officers, the Decedent's heirs, represented by his Estate, suffered losses of his expected income, services, protection, care,

assistance, society, companionship, comfort, guidance, counsel, and advice.

**WHEREFORE**, the Plaintiff, Estate of Afonso Brandao, demands judgment against the Defendants Brenda I. Perez, in her official capacity as the Chief of the Brockton Police Department, and the City of Brockton in the full amount of its damages, plus interest and costs, on Count III of this Complaint. The Plaintiff furthermore demands punitive damages and attorney's fees. The Plaintiff lastly demands any additional judgment in law or in equity the Court deems equitable and just.

**JURY DEMAND**

113. **THE PLAINTIFF DEMANDS A JURY TRIAL ON THIS COMPLAINT**

By his Attorney,

JOSEPH F. KROWSKI JR., ESQUIRE
30 Cottage Street
Brockton, MA 02301
(508) 584-2555
BBO: 640902

Dated: November 6, 2023

A TRUE COPY ATTEST
Clerk of Courts

# CIVIL ACTION COVER SHEET

DOCKET NUMBER: 2383CV00834

**Trial Court of Massachusetts**
**The Superior Court**

COUNTY: Plymouth Superior Court (Plymouth)

| | |
|---|---|
| **Plaintiff:** Estate of Afonso Brandao | **Defendant:** Daniel Benvie |
| ADDRESS: 19 Kinigman Ave., Brockton MA 02302 | ADDRESS: Brockton Police Department, 7 Commercial Street, Brockton MA 02302 |
| **Plaintiff Attorney:** Joseph F. Krowski Jr., Esquire | **Defendant:** Olegario Da Graca |
| ADDRESS: 30 Cottage Street, Brockton MA 02301, (508) 584-2555 | ADDRESS: Brockton Police Department, 7 Commercial Street, Brockton MA 02302 |
| BBO: 640902 | |
| **Plaintiff Attorney:** | **Defendant:** Anthony Louis |
| ADDRESS: | ADDRESS: 50 Orchard Ave., Brockton MA 02302 |
| BBO: | |
| **Plaintiff Attorney:** | **Defendant:** Brenda Perez, In her Official Capacity as Chief of Police |
| ADDRESS: | ADDRESS: 7 Commercial Street, Brockton MA 02302 |
| BBO: | |
| **Plaintiff Attorney:** | **Defendant Attorney:** City of Brockton |
| ADDRESS: | ADDRESS: 45 School Street, Brockton MA 02301 |
| BBO: | BBO: |

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY
NOV 6 2023
Clerk of Court

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AB1 | wrongful death while in police custody | A | ☒ YES ☐ NO |

***If "Other" please describe:**

**Is there a claim under G.L. c. 93A?** ☐ YES ☒ NO

**Is there a class action under Mass. R. Civ. P. 23?** ☐ YES ☒ NO

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date
1. Total hospital expenses
2. Total doctor expenses
3. Total chiropractic expenses
4. Total physical therapy expenses
5. Total other expenses (describe below) — $3,500.00

approximate funeral and burial expenses

Subtotal (1-5): $3,500.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below) — $10,000,000.00

pain & suffering, loss of income and earnings, loss of companionship due to wrongful death

TOTAL (A-F): $10,003,500.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Plaintiff died from an opioid overdose death while in police custody due to deliberate indifference of officers, Police Chief, and the City.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X Joseph K. Jr. Date: 11-6-23

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X Joseph K. Jr. Date: 11-6-23

A TRUE COPY ATTEST

Clerk of Courts

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2383CV00834 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Estate of Afonso Brandao vs. Daniel Benvie et al | | Robert S. Creedon, Jr., Clerk of Courts Plymouth County |
| TO: File Copy<br>, | | COURT NAME & ADDRESS<br>Plymouth County Superior Court - Plymouth<br>52 Obery Street - Suite 2041<br>Plymouth, MA 02360 |

**TRACKING ORDER - A - Average**

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION** — **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/05/2024 | |
| Response to the complaint filed (also see MRCP 12) | | 03/05/2024 | |
| All motions under MRCP 12, 19, and 20 | 03/05/2024 | 04/04/2024 | 05/06/2024 |
| All motions under MRCP 15 | 12/30/2024 | 01/29/2025 | 01/29/2025 |
| All discovery requests and depositions served and non-expert depositions completed | 10/27/2025 | | |
| All motions under MRCP 56 | 11/25/2025 | 12/25/2025 | |
| Final pre-trial conference held and/or firm trial date set | | | 04/24/2026 |
| Case shall be resolved and judgment shall issue by | | | 11/05/2026 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

A TRUE COPY ATTEST

Clerk of Courts

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 11/06/2023 | | |

Date/Time Printed: 11-06-2023 12:51:29

SCV026\ 08/2018

| Summons 1/19/24 | CIVIL DOCKET NO. 2383 CV 00834 | Trial Court of Massachusetts The Superior Court 3 |
|---|---|---|
| CASE NAME: ESTATE OF AFONSO BRANDAO Plaintiff(s) vs. Daniel Benvie, Anthony Louis, Olegario Da Graca, Brenda Perez, in her Official Capacity as Chief of Police, and the City of Brockton Defendant(s) | | Robert S. Creedon, Jr. Clerk of Courts<br>Plymouth County<br>COURT NAME & ADDRESS:<br>Plymouth Superior Court<br>72 Belmont Street<br>Brockton, MA 02301 |

FILED COMMONWEALTH OF MASSACHUSETTS SUPERIOR COURT DEPT. OF THE TRIAL COURT PLYMOUTH COUNTY

JAN 1 9 2024

THIS SUMMONS IS DIRECTED TO Anthony Louis (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Plymouth Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complair You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect t resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Plymouth Superior Court 72 Belmont Street, Brockton, MA 02301 (address), by mail or in person **AND**

b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:

JOSEPH F. KROWSKI, JR., ESQUIRE
30 COTTAGE ST.
BROCKTON, MA 02301

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) tha are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer

A TRUE COPY ATTEST
Clerk of Courts

| Summons 1/19/24 | CIVIL DOCKET NO. 2383CV00834 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

4

CASE NAME:

Estate of AFONSO BRANDAO

Plaintiff(s)

VS.

Daniel Benvie, Anthony Louis, Olegario Da Graca, Brenda Perez, in her Official Capacity as Chief of Police, and the City of Brockton.

Defendant(s)

Robert S. Creedon, Jr. Clerk of Courts

Plymouth County

COURT NAME & ADDRESS:

Plymouth Superior Court

72 Belmont Street

Brockton, MA 02301

FILED COMMONWEALTH OF MASSACHUSETTS SUPERIOR COURT DEPT. OF THE TRIAL COURT PLYMOUTH COUNTY

JAN 19 2024

THIS SUMMONS IS DIRECTED TO Brenda Perez, in her Official Capacity as Chief of Police (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Plymouth Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complair You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect t resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Plymouth Superior Court 72 Belmont Street, Brockton, MA 02301 (address), by mail or in person **AND**

b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:

JOSEPH F. KROWSKI, JR., ESQUIRE
30 COTTAGE ST.
BROCKTON, MA 02301

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) tha are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer

A TRUE COPY ATTEST

Clerk of Courts

| Summons 1/19/24 | CIVIL DOCKET NO. 2383CV00834 | Trial Court of Massachusetts The Superior Court | 5 |
|---|---|---|---|
| CASE NAME: Estate of AFONSO BRANDAO, Plaintiff(s) vs. Daniel Benvie, Anthony Louis, Olegario Da Graca Brenda Perez, in her Official Capacity as Chief of Police and the City of Brockton, Defendant(s) | | Robert S. Creedon, Jr., Clerk of Courts; Plymouth County | |
| | | COURT NAME & ADDRESS: Plymouth Superior Court, 72 Belmont Street, Brockton, MA 02301 | FILED COMMONWEALTH OF MASSACHUSETTS SUPERIOR COURT DEPT. OF THE TRIAL COURT PLYMOUTH COUNTY JAN 19 2024 Clerk of Court |

THIS SUMMONS IS DIRECTED TO Daniel Benvie (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Plymouth Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complair You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect t resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Plymouth Superior Court 72 Belmont Street, Brockton, MA 02301 (address), by mail or in person **AND**

b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:

JOSEPH F. KROWSKI, JR., ESQUIRE
30 COTTAGE ST.
BROCKTON, MA 02301

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) tha are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answe

A TRUE COPY ATTEST

Clerk of Courts

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 2383CV00834

ESTATE OF AFONSO BRANDAO,

Plaintiff,

v.

DANIEL BENVIE, ANTHONY LOUIS, OLEGARIO DA GRACA, BRENDA I. PEREZ, in her official capacity as Chief of Police of the Brockton Police Department, and THE CITY OF BROCKTON,

Defendants.

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

JAN 19 2024

Clerk of Court

**WRITTEN NOTICE OF REMOVAL
TO FEDERAL COURT PURSUANT TO 28 U.S.C. §1446(d)**

Notice of Removal of the above-captioned action from the Superior Court of the Commonwealth of Massachusetts, Plymouth County, to the United States District Court for the District of Massachusetts (a copy of which Notice is filed herewith) was duly filed on January 12, 2024 in the United States District Court for the District of Massachusetts. A copy of the Notice of Removal, certified by the United States District Court for the District of Massachusetts, having been duly filed with the Clerk for the Superior Court of the Commonwealth of Massachusetts, Plymouth County, in accordance with 28 U.S.C. §1446(d), the Superior Court shall proceed no further herein unless and until the case is remanded.

Respectfully submitted,

The Defendant, City of Brockton
By its Attorney,

*/s/ Allison M. Cogliano*
Allison M. Cogliano
BBO# 704612
Assistant City Solicitor
City of Brockton
City Hall, 45 School Street
Brockton, MA 02301
Tel.: (508) 580-7110
Fax: (508) 580-7112
acogliano@cobma.us

Dated: January 19, 2024

A TRUE COPY ATTEST
Clerk of Courts

**CERTIFICATE OF SERVICE**

I, Allison M. Cogliano, Attorney for Defendants, Daniel Benvie, Olegario da Graca, Brenda I. Perez, and the City of Brockton, hereby certify that I have this date forwarded a copy of *Written Notice of Removal to Federal Court Pursuant to 28 U.S.C. §1446(d)* to counsel for all parties via email and first-class mail, to:

Joseph F. Krowski, Jr., Esq.
30 Cottage Street
Brockton, MA 02301
Krowskijr@gmail.com

Anthony Louis
50 Orchard Ave
Brockton, MA 02301
Alouis2442@gmail.com

*/s/ Allison M. Cogliano*
Allison M. Cogliano

Dated: January 19, 2024